Form 2030 Lombardo amended

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:  Lisa R. Lombardo,　　　　　　Case No.  19-23257 CMB
　　　　　Debtor(s).　　　　　　　　　　Chapter 13

## AMENDED DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR
(with Certification of Counsel and Engagement Agreement)

1.  Pursuant to 11 U.S.C. Sec. 329(a) and Fed. Bankr. P. 2016(b), I, Gary W. Short ("Counsel") certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered to or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| For legal services, Counsel has agreed to accept: | Compensation on an hourly basis based upon a rate of $300 per hour. It is unknown at this time what Counsel's compensation will be so a definite number cannot be stated. |
|---|---|
| Prior to filing of this statement I received: | $1,350 on August 15, 2019 which was paid by Frank Lombardo (Debtor's spouse). These funds were applied in payment of $985.30 in pre-petition legal services and $364.70 in costs which equal the Augusut 15, 2019 payment. **As a result no retainer remained on the filing of Debtor's chapter 13 petition.** |
| Balance due: | **Counsel's engagement agreement is not a no look agreement.*** As a result the balance due at this time is unknown.  In the event that legal fees exceed $4000 and costs of $500, a fee application will be filed as required by local rule. No fee application is required under Bankruptcy Rule at this time. See 2016(f) which provides: "(f) The Chapter 13 "no look attorney fee" shall be limited to a maximum of $4,000.00 and the Chapter 13 "no-look expense charge" shall be limited to a maximum in the amount of $500 (allowable expenses charged include the petition filing fee, postage, copying, certifications and other costs incurred in the administration of the case.) **When the fee and expenses charged by counsel is less than or equal to either or both of the no-look fee and expense charge, no fee application is required....**" *See last line of engagement agreement which is attached hereto. |

2. The source of the compensation paid to me was: ☒ Debtor   ☐ Other (specify)

3. The source of the compensation to be paid to me is: ☒ Debtor   ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members and associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statement of financial affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearing thereof;

   d. Representation of the debtor in adversaries and other contested bankruptcy matters subject to the exclusions set forth in the Engagement Agreement;

   e. Other provisions as needed:

      **(1) Engagement Agreement**: The debtor(s) Engagement Agreement with Counsel is attached hereto and incorporated herein by reference.

      **(2) Certification of Counsel:** I, Gary W. Short, Esquire ("Counsel"), hereby certify under penalty of perjury that I am duly admitted to practice in the Commonwealth of Pennsylvania and in this Court, that I maintain an office for the practice of law at 212 Windgap Road, Pittsburgh, PA 15237, that to the best of my knowledge, information, and belief, I do not have any connection with the above-named Debtor, their creditors, or any other party in interest herein, except that I represent said Debtor in this proceeding and that I am a "disinterested person" in this proceeding within the meaning of 11 U.S.C. §101(14).

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services: see engagement agreement.

## CERTIFICATION

I certify that the following is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

April 24, 2020                     /s/ Gary W. Short
                                   Signature of Attorney

                                   The Law Firm of Gary W. Short
                                   Name of Law Firm

## Chapter 13 Engagement Agreement

1. **Initial Payment.** The law firm of Gary W. Short ("Firm") agrees to represent the undersigned ("Client") in one Chapter 13 bankruptcy proceeding (the "Case") provided Client timely (a) pays the Firm an initial payment of $1,350.00 ("Initial Payment") and (b) provides the Firm with the information which is needed to prepare Client's petition. This agreement covers this Case only. As of 8/5/19 you have paid the Firm $1,350.00. The Initial Payment will be (or was) applied in payments of pre-filing legal fees of $ 985.30 and costs of $364.70. The remainder of $ 0 is a retainer for the Case. (985.30)

2. **Balance of Legal Fees.** The Firm agrees to accept payment of the balance of its fees and expenses in consecutive monthly payments from Client's plan payments to the Chapter 13 Trustee. If the Case is dismissed Client shall pay the Firm's fees and expenses within thirty days.

3. **Court Filing Fee.** The $310 court filing fee will be paid from the Initial Payment.

4. **Services.** The Firm will prepare all documents and attend all hearings, conferences, and meetings which are reasonably necessary to prosecute the Case subject to the exception that the Firm is not obligated to undertake litigation which the Firm believes Client cannot afford. The Firm shall be compensated on an hourly fee basis at a rate of three hundred dollars per hour plus expenses.

5. **Your Obligations.** Client agrees to timely (a) supply the Firm with all of the information needed for the Case, (b) attend 341 meetings, (c) fully cooperate with the Firm so that it can properly represent Client, (d) make all Chapter 13 plan payments, (e) pay all filing fees, (f) file all delinquent tax returns, (g) submit automatic bank debit forms to the Firm (if applicable), and agree to a wage attachment if Client is a wage earner (the "Obligations"). If the Firm notifies Client in writing that Client is not making the necessary effort to fulfill the Obligations and Client does not timely (a) inform the Firm that Client wants the Case to continue and (b) provides reasonable assurances that Client will perform the Obligations, the Firm may (a) on your behalf consent to a dismissal of the Case or file a motion to dismiss the Case or (b) file a motion to withdraw as Client's counsel.

6. **Disclosure.** The Firm is required to advise you that it is a debt relief agency which helps people file for bankruptcy relief under the Bankruptcy Code.

**This is not a flat fee agreement. You are charged on an hourly basis. Initial** W ✓

Contract Terms agreed to by:

_Lisa R. Lombardo_ ✓                          Dated: Aug. 19, 2019
Lisa R. Lombardo

_Gary W. Short_                                Dated: Aug. 19, 2019
Gary W. Short